IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2000

**STATE OF TENNESSEE v. ALEXANDER A. LEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-12834      Chris Craft, Judge**

**No. W1999-01804-CCA-R3-CD - Filed December 14, 2000**

The Appellant, Alexander A. Lee, pled guilty to one count of felony possession of cocaine, a class C felony. The Shelby County Criminal Court sentenced the Appellant to three years, suspended, with nine months to serve in the county workhouse. On appeal, the Appellant contends that the trial judge erred in denying his request for total probation. After review, we find no error. Therefore, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, J.J., joined.

Christine W. Stephens, Memphis, Tennessee, for the Appellant, Alexander A. Lee, on appeal, Howard Wagerman, Memphis, Tennessee, at trial.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Mark E. Davidson, Assistant Attorney General, William L. Gibbons, District Attorney General, and James Wax, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Appellant, Alexander A. Lee, was indicted by a Shelby County Grand Jury for one count of possession of 300 grams or more of cocaine with intent to sell and one count of possession of 300 grams or more of cocaine with intent to deliver, class A felonies. Pursuant to the plea agreement, the Appellant pled guilty to one count of possession of a controlled substance less than .5 grams with intent to sell, a class C felony. The Appellant was sentenced to three years, suspended, with nine months to serve at the county workhouse and fined $2,000. On appeal, he contends that the trial court "wrongly denied probation" pursuant to TENN. CODE ANN. § 40-35-102 and § 40-35-103. Additionally, the Appellant argues that the trial court wrongly denied probation because he refused to divulge the name of his drug supplier. Upon review, we find no error and affirm the judgment.

## Background

Detectives with the Memphis Police Department received information that the Appellant was selling and storing drugs at an apartment in Memphis. Soon thereafter, detectives set up surveillance operations at a location nearby and monitored the apartment for several days. Throughout this period, the detectives observed the Appellant coming and going from the apartment. On one occasion, the Appellant was seen carrying a clear grocery bag with a small box in it.

On May 1, 1998, Memphis Police Officers followed the Appellant's vehicle to the apartment and stopped him. The officers then went to the apartment and received consent to search from the resident, Ms. Taylor. Upon searching the apartment, the officers found the box and clear plastic bag in a closet. The box contained 346 grams of crack cocaine, which has a street value of approximately $70,000. Ms. Taylor admitted that she knew the cocaine was in the apartment, but denied that the cocaine belonged to her.

At the sentencing hearing, the Appellant denied the cocaine was his. He explained to the court that he was being paid to sell the cocaine for another individual. The Appellant further stated that he had been moving cocaine for this individual "off and on" for a period of six or seven months. The Appellant, however, refused to disclose the individual's identity because he "probably wouldn't make it out there, after this, if [he] told the name."

## Sentencing

The Appellant argues that the trial court erred by denying him total probation. First, he contends that the court misapplied principles of sentencing. Second, the Appellant asserts that the trial court wrongly denied probation based on the Appellant's refusal to divulge the name of his drug supplier.

The Appellant bears the burden of establishing that the sentence imposed by the trial court was erroneous. State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Boggs, 932 S.W.2d 467, 473 (Tenn. Crim. App. 1996); State v. Fletcher, 805 S.W.2d 785, 786 (Tenn. Crim. App.1991). Appellate review of a sentence is *de novo*, with a presumption that the determinations made by the court from which the appeal is taken are correct. TENN. CODE ANN. § 40-35-401(d) (1997); Ashby, 823 S.W.2d at 169. In determining whether the Appellant has carried the burden, this court must consider the evidence received at the trial and the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the offenses, existing mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. Ashby, 823 S.W.2d at 169; TENN. CODE ANN. § 40-35-210 (Supp. 1998).

At the time of his arrest, the Appellant was twenty-one years old , a high school graduate, and had no prior criminal convictions. Because the Appellant was convicted of a class C felony, he is entitled to the presumption that he is a favorable candidate for alternative sentencing. *See* TENN. CODE ANN. § 40-35-102(6) (1997). Accordingly, the trial court imposed a sentence of split

confinement, which is listed as a sentencing alternative in TENN. CODE ANN. § 40-35-104(4) (1997). Therefore, the trial court properly applied the statutory presumption under TENN. CODE ANN. § 40-35-102(6).

The Appellant, in effect, argues that the trial court erred by not sentencing him to total probation. "The determination of whether the Appellant is entitled to an alternative sentence and whether the Appellant is entitled to full probation are different inquires." Boggs, 932 S.W.2d at 477. Where a defendant is entitled to the statutory presumption of alternative sentencing, the State has the burden of overcoming the presumption with evidence to the contrary. State v. Bingham, 910 S.W.2d 448, 455 (Tenn.Crim.App. 1995). "Conversely, the defendant has the burden of establishing [his] suitability for total probation, even if the defendant is entitled to the statutory presumption of alternative sentencing." Id.; Boggs, 932 S.W.2d at 477. To meet the burden of establishing suitability for full probation, the defendant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." Id. at 456.

In the present case, the trial court found that the Appellant was entitled to split confinement and reasoned in part as follows:

> I do find, though, that confinement is necessary to avoid depreciating the seriousness of the offense to some extent. He has a presumption of alternative sentencing. I think because of the amount of drugs, the fact that he is still unrepentant, as far as protecting everyone else. Whether it's to protect himself, or for whatever reason, he's assuming the risk of all that. Looking all (sic) of the people he was going to victimize in our community, without a thought to it, and the fact that I'm sure that all these other folks are watching him very closely to see what he's going to do. And if I just let this man go, today, it would tell (sic) everybody a lesson, "Hey, if you don't have a record you can deal in large amounts of cocaine and you can get away with it." So I think confinement to some extent is suited to provide an effective deterrent.

Thus, the trial court found that a sentence of split confinement would both avoid depreciating the seriousness of the offense and, at the same time, provide an effective deterrent. *See* TENN. CODE ANN. § 40-35-103(1)(B) (1997); *see also* Bingham, 910 S.W.2d at 456.

When making a decision regarding confinement because of the seriousness of the offense, a court should consider if "the circumstances of the offense as committed [are] especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree." *See* State v. Zeolia, 928 S.W.2d 457, 462 (Tenn. Crim. App.1996); *see also* Bingham, 910 S.W.2d at 454 (citing State v. Hartley, 818 S.W.2d 370, 374-375 ( Tenn. Crim. App.1991)). In the present case, the Appellant's involvement was not casual. Instead, the Appellant had in his possession and intended to sell $70,000 worth of crack cocaine. Indeed, the amount of crack cocaine was of an excessive degree. Moreover, the Appellant admitted that he had been a "seller" for six to seven months prior to his arrest. As the trial court stated, " We're talking about $70,000 in armed robberies and burglaries and murders. And Mr. Lee says he was just a transporter. Well, if it isn't transported,

it won't happen." As the trial court correctly noted, the large amount of drugs involved in this case would be nothing less than detrimental to a community and a sentence of total probation would depreciate the seriousness of the offense. Therefore, the trial court did not err in finding that total probation would depreciate the seriousness of the offense.

The trial court next found that confinement would provide an effective deterrent. We agree. In State v. Daryl Hooper, No. M1997-00031-SC-R11-CD (Tenn. at Nashville, Sept. 21, 2000) *(for publication)*, our supreme court recently held that a trial judge may sentence a defendant to a term of incarceration based solely on a need for deterrence when the record contains evidence which would enable a reasonable person to conclude that (1) deterrence is needed in the community, jurisdiction, or state; and (2) the defendant's incarceration may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes. In the present case, the Appellant was awarded an alternative sentence of split confinement, wherein he was ordered to serve nine months incarceration of his three-year sentence. The trial court concluded that the Appellant was "making his living in the drug business" and found that his failure to reveal the name of his supplier indicated that he was still "unrepentant." Additionally, the trial court concluded that confinement would be an effective deterrent by stating, "If I just let this man go, today, it would [send] everybody a lesson . . . if you don't have a record you can deal in large amounts of cocaine and get away with it." We agree with the trial court and find that a period of confinement in this case is proper. The evils attendant to drug trafficking are well-known in society. The proof shows that the only motive behind the Appellant's possession of these drugs was to profit by his intentional and illegal conduct. *See* Id. at 8. Moreover, the Appellant himself admitted to being involved in other drug deals prior to his arrest and refused to disclose the name of his supplier and those other individuals involved. *See* Id. at 9. Based on the foregoing, we find that confinement would provide an effective deterrent and the trial court properly relied on this factor during sentencing.

Lastly, the Appellant argues that the trial court wrongly denied him total probation based upon the fact that he refused to disclose the name of his drug supplier when he entered his guilty plea. We disagree. When asked by the trial court why he refused to disclose the identity of the individual who supplied the crack, the Appellant responded by saying that he "probably wouldn't make it out there, after this, if [he] told the name." Clearly, a refusal to identify the person who supplied the drugs that the Appellant admittedly sold demonstrates deficiencies in the Appellant's asserted feelings of remorse and contrition, and casts doubt upon his potential for rehabilitation. State v. Wesley Garland, C.C.A. No. 240 (Tenn. Crim. App. at Knoxville, Dec. 4, 1989). Therefore, the Appellant's refusal to cooperate may be relevant in the determination of whether probation would best serve the public and the Appellant. Thus, such a refusal may serve as a factual basis for denial of probation. Id.; *See also* State v. Ricky Keele, No. 02C01-9805-CC-00139 (Tenn. Crim App. at Jackson, Mar. 22, 1999), perm. to appeal denied (Tenn. Sept. 13,1999). However, it is improper for a trial court to deny alternative sentencing based solely upon an Appellant's refusal to reveal the names of his sources. State v. Ricky Keele, No. 02C01-9805-CC-00139; *See* State v. Tim Hensley, No. 03C01-9102-CR-00040 (Tenn. Crim. App. at Knoxville, Oct. 16, 1991), *rev'd in part on other grounds*, 01S01-9203-CR-00026 (Tenn. Aug. 9, 1993). Such was not the case here. The trial court correctly considered other factors, such as seriousness of the offense and effective deterrent, when

it determined that alternative sentencing was in the best interest of the Appellant and society. Thus, the Appellant has failed to meet his burden of showing that the imposition of an alternative sentence was improper. As such, we conclude that a sentence of split confinement would serve the ends of justice and fulfill the needs of the Appellant. *See* Tenn. Code Ann. § 40-35-306 (1997).

## CONCLUSION

Upon *de novo* review and in accordance with the presumption of correctness, we are unable to conclude that the trial court erred in denying the Appellant total probation. Finding the sentencing decision justified, the judgment of the Shelby County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE